IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLARENCE EDWARD YOUNG** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | **Civil No. 1:23-cv-319-HSO-BWR** | |
| § | | |
| § | | |
| **BP EXPLORATION &** § | | |
| **PRODUCTION INC. and BP** § | | |
| **AMERICA PRODUCTION** § | | |
| **COMPANY** § | | **DEFENDANTS** |

## ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE OR COMPLY WITH COURT ORDERS [22], [24], [25] & [27]

THIS MATTER is before the Court sua sponte for case management purposes and upon Plaintiff Clarence Edward Young's ("Plaintiff") failure to comply with four prior Court Orders [22], [24], [25] & [27].  On February 26, 2024, United States Magistrate Judge Robert P. Myers, Jr., entered an Order [22] granting the Motion [16] to Withdraw filed by Plaintiff's former counsel.  *See* Order [22].  Plaintiff was ordered, by March 2024, to either obtain new counsel or provide written notice to the Court that he was representing himself in this case.  *Id.* at 1-2.  On May 8, 2024, the Magistrate Judge extended Plaintiff's deadline to substitute counsel until June 20, 2024, but cautioned Plaintiff "that failure to obtain substitute counsel or failure to participate in the June 20, 2024, telephonic case management conference may result in the dismissal of his lawsuit based on failure to prosecute."  Order [24] at 1 (emphasis removed).

Plaintiff failed to obtain substitute counsel or participate in the June 20, 2024, telephonic case management conference, and, on June 21, 2024, the Magistrate Judge entered an Order [25] directing Plaintiff "to show cause in writing why his complaint should not be dismissed without prejudice for failure to prosecute" by July 8, 2024.  Order [25] at 1-2.  The Order [25] cautioned Plaintiff "that failure to respond to the show cause order as directed may result in the dismissal of his lawsuit for failure to prosecute."  Order [25] at 2.

As of July 8, 2024, Plaintiff had not responded to the Order [25], nor had any counsel made an appearance on his behalf.  So, on September 4, 2024, the Magistrate Judge entered an Order [27] directing Plaintiff "to show cause in writing why his complaint should not be dismissed without prejudice for failure to prosecute" by September 18, 2024.  Order [27] at 1-2.  The Order [27] again cautioned Plaintiff "that failure to respond to the show cause order as directed may result in the dismissal of his lawsuit for failure to prosecute."  *Id.* at 2.  To date, Plaintiff has not responded to any of the Court's Orders [22], [24], [25] & [27].  The docket reflects that all Orders [22], [24], [25] & [27] were mailed to Plaintiff at his last known address provided to the Court during the May 6, 2024, telephonic conference and none have been returned as undeliverable.  *See* Order [24] at 2 n.2.

The Fifth Circuit has explained that "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court," and that a court "possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

1988) (emphasis in original) (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Here, the Court finds that Plaintiff has failed to prosecute his case or comply with the Court's prior Orders [22], [24], [25] & [27].  Accordingly, the Court will dismiss the case without prejudice for failure to prosecute or comply with the Court's Orders [22], [24], [25] & [27].

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with Court Orders.

**SO ORDERED** this the 1st day of November, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE